**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tito Contreras, husband; Veronica Contreras, wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>US Bank as Trustee for CSMC Mortgage Backed Pass-through Certificates, Series 2006-5; Wells Fargo Bank, N.A.,<br><br>    Defendants. | No. CV09-0137-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (doc. # 29).

**I.    Legal Standard**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

First, allegations in the complaint that are not entitled to the assumption of truth must be identified. *Id.* at 1949, 1951. The principle that all of the allegations in a complaint are accepted as true does not apply to legal conclusions or conclusory factual allegations. *Id.* at 1949, 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint should consist of "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Second, whether the factual allegations plausibly suggest an entitlement to relief is determined. *Iqbal*, 129 S. Ct. at 1950, 1951. This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To show that the plaintiff is entitled to relief, the complaint must permit inferring more than the mere possibility of misconduct. *Id.*

Generally, material beyond the pleadings may not be considered in deciding a Rule 12(b)(6) motion. However, material properly submitted as part of the complaint and documents not physically attached to the complaint whose contents are alleged in a complaint and whose authenticity no party questions may be considered. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## II. Facts Assumed True

In January 2006, Plaintiffs Tito Contreras and Veronica Contreras purchased real property located at 8220 West Georgia Avenue, Phoenix, Arizona 85303 (the "Property"). To purchase the Property, Plaintiffs entered into a loan agreement with Act Lending Corporation, doing business as Act Mortgage Capital ("ACT") to borrow $488,000. In exchange for the loan, Plaintiffs executed a promissory note (the "Note") and a deed of trust (the "Deed of Trust").

The Deed of Trust identifies ACT as the Lender and Trustee. It names Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the Deed of Trust and states, "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." Through the Deed of Trust, Plaintiffs granted ACT and MERS the right to foreclose and sell the Property:

> The beneficiary of this [Deed of Trust] is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This [Deed of Trust] secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this [Deed of Trust] and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property. . . .
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this [Deed of Trust], but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this [Deed of Trust].

(Doc. # 29-1 at 4-5.) In the event of Plaintiffs' default, the Deed of Trust provides:

> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this [Deed of Trust] without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. . . .
>
> After the time required by Applicable Law and after publication and posting of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place designated in the notice of sale.

(*Id.* at 13-14, ¶ 22.)

Subsequently, Plaintiffs became unable to make timely payments on the Property. On September 2, 2008, MERS assigned all beneficial interest under the Deed of Trust to U.S. Bank National Association, as Trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-5 ("U.S. Bank"). Also on September 2, 2008, Michael A. Bosco, Jr., as Trustee/Successor Trustee issued a Notice of Trustee's Sale of the Property to be held on December 3, 2008. The Notice of Trustee's Sale identifies U.S. Bank as the current beneficiary and ASC for Wells Fargo Home Improvement as the loan servicer.

When Plaintiffs received the Notice of Trustee's Sale, they believed that Defendants did not possess the original Note endorsed to them and had no right to initiate foreclosure. Plaintiffs made written demand on U.S. Bank and Wells Fargo Bank, N.A. ("Wells Fargo") to suspend the sale of the Property or to provide proof of the basis of Defendants' right to initiate foreclosure under the Deed of Trust. Although Plaintiffs were informed of the amount they were required to pay to redeem the Property from foreclosure, they demanded a detailed accounting of how that amount was calculated. The Trustee's Sale was not suspended, and Plaintiffs did not receive any proof of Defendants' right to foreclose on the Property.

On December 2, 2008, Plaintiffs filed this lawsuit in the Maricopa County Superior Court. On December 3, 2008, the Trustee's Sale was conducted, and U.S. Bank purchased the Property. Plaintiffs were removed from the Property through a forcible detainer action in Maricopa County Superior Court.

Defendants removed this case to the U.S. District Court for the District of Arizona on both federal question and diversity grounds and then moved to dismiss Plaintiffs' Complaint. The Court dismissed the federal claims and permitted Plaintiffs to amend their Complaint to assert only state claims against U.S. Bank and Wells Fargo.

In their First Amended Complaint, Plaintiffs seek declaratory judgment that Defendants were not entitled to enforce the Note or Deed of Trust without possession of the original Note or proof of entitlement to enforce the Note under Arizona law, the Trustee's Sale was invalid and void, and U.S. Bank is not a bona fide purchaser for value

of the Property. Plaintiffs also seek monetary damages for wrongful foreclosure based on Defendants' breach of their duty to act fairly and in good faith prior to completing the Trustee's Sale by, among other things, failing to search for proof of the original Note, failing to identify the current beneficiary under the Note and/or the Deed of Trust, and failing to provide Plaintiffs' requested detailed accounting.

**III.  Analysis**

    **A.  Count One:  Declaratory Relief**

Plaintiffs contend that Defendants must possess the original Note in order to exercise their rights under the Deed of Trust to sell the Property upon Plaintiffs' default and allege that Defendants do not possess the original Note.

Under Arizona's Deed of Trust Act, a "trust deed" or "deed of trust"conveys trust property to a qualified trustee to secure the performance of a contract or contracts. A.R.S. § 33-801(8). "Contract" includes, but is not limited to, a note, a promissory note, or provisions of any trust deed. A.R.S. § 33-801(4). "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in the performance of the contract or contracts, for which the trust property is conveyed as security." A.R.S. § 33-807(A).

Deed of trust sales are held without the prior judicial authorization required in a mortgage foreclosure. *In re Krohn*, 203 Ariz. 205, 208, 52 P.3d 774, 777, ¶ 8 (2002). Arizona's deed of trust statutes were enacted in 1971 to bypass time-consuming and expensive judicial foreclosure by using the power of sale authority to sell property securing a delinquent loan after complying with statutory procedural requirements. *Id.* at 208, ¶ 10. However, the beneficiary may choose to foreclose a trust deed in the manner provided by law for mortgage foreclosure on real property at any time before the trust property has been sold under the power of sale. A.R.S. § 33-807(A), (B).

Although the Arizona Deed of Trust Act confers power of sale on the trustee upon default or breach of the contract secured by the trust deed without reference to enforcing or producing a note or other negotiable instrument, Plaintiffs seek to add the requirement

that, before exercising the power of sale, a trustee or beneficiary must show possession of the original note memorializing the underlying debt or other proof of being the holder of the note identified in the security instrument. However, Plaintiffs cite no authority, and the Court has found none, supporting their assertion that exercising the power of sale granted by statute and the Deed of Trust requires compliance with the Arizona Uniform Commercial Code—Negotiable Instruments.

No Arizona court or any federal appellate court has decided this issue, but many district courts for the District of Arizona have rejected Plaintiffs' "show me the note" argument. *See Blau v. America's Servicing Co.*, No. CV08-0773-PHX-MHM, 2009 WL 3174823 (D. Ariz. Sept. 29, 2009); *Goodyke v. BNC Mortgage, Inc.*, No. CV09-0074-PHX-MHM, 2009 WL 2971086 (D. Ariz. Sept. 11, 2009); *Garcia v. GMAC Mortgage, LLC*, No. CV09-0891-PHX-GMS (D. Ariz. Aug. 31, 2009); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178 (D. Ariz. 2009); *but see Castro v. Executive Trustee Servs., LLC*, No. CV08-2156-PHX-LOA, 2009 WL 438683 at *5 (D. Ariz. Feb. 23, 2009). "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), *modified at* 810 F.2d 1517 (9th Cir. 1987).

Under A.R.S. § 47-3104(B), "instrument" means a "negotiable instrument." "Negotiable instrument" means:

> . . . an unconditional promise or order to pay a fixed amount of money, if it:
>
> 1. Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> 2. Is payable on demand or at a definite time; and
>
> 3. Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:
>
>    (a) An undertaking or power to give, maintain or protect collateral to secure payment;

(b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

(c) A waiver of the benefit of any law intended for the advantage or protection of an obligor.

A.R.S. § 47-3104(A). The Deed of Trust is not an unconditional promise to pay a fixed amount of money, is not payable to bearer or to order, is not payable on demand or at a definite time, and states numerous acts that the Plaintiffs promised to do in addition to paying money. The Deed of Trust, therefore, is not an "instrument" under the Arizona Uniform Commercial Code—Negotiable Instruments.

The Court does not decide whether the Note is an "instrument" under A.R.S. § 47-3104(A) because the Trustee's Sale that Plaintiffs seek to have declared void was conducted pursuant to the Trustee's power of sale, not as an action to enforce the Note. Also, it is unnecessary to decide whether Defendants satisfy the qualifications of a "person entitled to enforce" an instrument under A.R.S. § 47-3301 because Defendants did not "enforce an instrument" by conducting a Trustee's Sale. Moreover, the recorded documents show that Plaintiffs appointed MERS as the original beneficiary on the Deed of Trust and subsequently MERS assigned all beneficial interest to U.S. Bank, which then had authority to appoint Bosco as successor trustee to conduct the Trustee's Sale. Plaintiffs have not alleged that MERS had insufficient interest in the property to be the beneficiary of the deed of trust, and any amendment to allege that would be futile. *Blau v. America's Servicing Co.*, No. CV08-0773-PHX-MHM, 2009 WL 3174823 (D. Ariz. Sept. 29, 2009).

Therefore, Count One of Plaintiffs' First Amended Complaint will be dismissed for "lack of a cognizable legal theory." *See Balistreri*, 901 F.2d at 699.

**B.  Count Two:  Wrongful Foreclosure**

Plaintiffs contend that Defendants had a duty to "exercise fairly and in good faith" the power of sale in the Deed of Trust and allege that Defendants breached that duty by, among other things, "failing to search for 'proof' of the original Note, failing to identify

- 7 -

the current Beneficiary under the Note and/or the Deed of Trust,[1] failing to provide the Plaintiffs' requested accounting, and failing to even acknowledge the request(s) made by the Plaintiffs."  (Doc. # 23 at 6, ¶ 32.)

No Arizona state court has recognized the tort of wrongful foreclosure. In one federal case in the District of Arizona, the district court noted that no Arizona court had recognized, or refused to recognize, the tort of wrongful disclosure, but found it appropriate to join other jurisdictions that do. *Herring v. Countrywide Home Loans, Inc.*, No. CV06-2622-PHX-PGR, 2007 WL 2051394 at *5 (D. Ariz. July 13, 2007). The district court adopted a Georgia state court's definition of the tort as one that "exists as a statutory duty . . . to exercise fairly and in good faith the power of sale in a deed to secure [a] debt." *Id.* The district court reasoned that the Arizona Deed of Trust Act conferred the power of sale on a trustee only "after a breach or default," the plaintiff had cured any defaults before the trustee's sale, and therefore the trustee violated the statutory requirements when it allowed the trustee's sale to go forward. *Id.*[2] Here, Plaintiffs had not cured their default. Further, the Trustee did not violate requirements under the Deed of Trust Act by failing to "search for 'proof' of the original Note" or failing to provide a detailed explanation of how the redemption amount was calculated before conducting the Trustee's Sale because the Act does not require the Trustee to do either. *See Kelly v. NationsBanc*, 199 Ariz. 284, 286-87, ¶ 13, 17 P.3d 790, 792-93 (Ct. App. 2001) ("There is no statutory requirement that the trustor be supplied with a complete accounting."); A.R.S. § 33-813(C), (D) (upon request, the trustee shall provide a good faith estimate of the amount necessary to reinstate the trust deed; upon written request after the notice of

---

[1] The Notice of Trustee's Sale (doc. # 29-1 at 22) identifies the Current Beneficiary as "U.S. Bank Natl/CSMC 2006-5" and loan servicer as "ASC for Wells Fargo Home Improvement."

[2] In Arizona, a trustee under a trust deed does not have the legal powers or obligations of a trustee under traditional trust law, but rather serves as a type of common agent for both parties. *In re Bisbee*, 157 Ariz. 31, 34, 754 P.2d 1135, 1138 (1988). A trustee's primary duty arises upon default. *Id.*

- 8 -

trustee's sale is recorded, the trustee shall provide the exact amount necessary to reinstate the trust deed, separately specifying costs, fees, and any other amounts).[3]

Under Georgia law, the elements of the tort of wrongful foreclosure are: (1) a legal duty owed to the plaintiff by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury the plaintiff sustained, and (4) damages. *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004) (no causal connection between defective notice and alleged injury where alleged injury was solely attributable to plaintiff's own acts or omissions before and after foreclosure); *Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 286, 443 S.E.2d 837, 839 (1994) (same).

Under Missouri law, a tort action for wrongful foreclosure against a mortgagee can be maintained only when the mortgagee had no right to foreclose when the foreclosure proceedings commenced. *Fields v. Millsap & Singer, P.C.*, No. WD 70237, __ S.W.3d __, 2009 WL 2496461 at *2 (Mo. App. W.D. Aug. 18, 2009); *Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortgage Corp.*, 259 S.W.3d 19, 22 (Mo. App. E.D. 2008). In Missouri, "[a] plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Dobson*, 259 S.W.3d at 22. Similarly, Nevada law provides:

> An action for the tort of wrongful disclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of power of sale.

*Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983) (citing cases from California, Missouri, and Texas). Under Texas law, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a

---

[3]Plaintiffs' First Amended Complaint refers to the "payoff demand" received from Defendants and does not allege that it failed to satisfy A.R.S. § 33-813(C) or (D).

- 9 -

grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008).

Here, the Court does not need to predict whether the Arizona Supreme Court would recognize the tort of wrongful foreclosure because Plaintiffs have failed to state a claim upon which relief can be granted under any of the standards discussed above. First, Plaintiffs admit they were in default. Second, no statutory requirement or other duty required Defendants to possess and produce the original Note or to provide a detailed accounting in order to exercise the Trustee's power of sale under the Deed of Trust. Third, Plaintiffs do not allege that Defendants' actions *caused* their default.

Because Plaintiffs' factual allegations do not plausibly suggest an entitlement to relief, Count Two of Plaintiffs' First Amended Complaint will be dismissed. *See Iqbal*, 129 S. Ct. at 1950, 1951.

## IV. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether justice requires granting leave to amend, the Court finds that further amendment of Plaintiffs' First Amended Complaint would be futile because Plaintiffs' claims are based on a meritless legal theory and would cause undue prejudice to the opposing parties. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The district court's discretion to deny leave to amend a complaint is "especially broad" where the plaintiff already has had one or more opportunities to amend his complaint. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore*, 885 F.2d at 538. Therefore, leave to amend will not be granted.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (doc. # 29) is granted.

IT IS FURTHER ORDERED that Plaintiffs' First Amended Complaint (doc. # 23) is dismissed with prejudice.

1    IT IS FURTHER ORDERED directing the Clerk to enter judgment dismissing this
2 action with prejudice for failing to state a claim upon which relief can be granted. The
3 Clerk shall terminate this case.

DATED this 14th day of December, 2009.

_____
Neil V. Wake
United States District Judge